CROCKETT (GURNEY v.). See Case No. 5,-874.

## Case No. 3,402a.

### CROCKETT v. RILEY.

[Betts, Scr. Bk. 141.]

District Court, S. D. New York. July 25, 1849.

COLLISION—STEAM AND SAIL—RULES OF NAVIGATION.

[1. Where a schooner, exercising a strict right to hold her course, refused to change though

hailed to do so, and thus avoid an approaching steamer, the master of which had misjudged the schooner's speed or his means of avoiding her, and a collision resulted, the steamer was *held* not liable.]

[2. The schooner had no right to incur the hazard of a collision by pertinaciously adhering to a strict rule of navigation.]

[3. The master of the steamer was wrong in placing himself in the situation he did, and in trusting to slender chances to avoid the schooner, and would be liable, but for the unreasonable refusal of the schooner to give way.]

[4. The owners of the steamer are not entitled to costs.]

[In admiralty. Libel by Levi B. Crockett against Thomas Riley for damages sustained by a collision.]

PER CURIAM. The whole evidence shows that the respondent moved from the piers with his steamboat and a barge in tow, when the libellant's schooner was opposite him, or nearly so, going up the East river against an ebb tide. He misjudged the speed of the schooner or his own means of avoiding her, and by getting under way at that moment was brought into such proximity to the schooner that a collision became inevitable, unless the schooner gave way for him. The weight of reliable evidence is, that the schooner might have kept away, without prejudice to herself, enough to leave a free passage to the steamer. She was hailed to do so, but her pilot refused and she held on her course and the steamer's barge was brought up against her. The schooner had but light sail on, and the tide was rapid, yet her headway was sufficient to allow the manoeuvre, and thus have escaped damage herself and prevented injury to the steamer. Such at least is the effect of the testimony. Those on board the schooner thought otherwise, and refused to go off their course. The schooner was in the exercise of her strict right in holding her course, but the maritime law does not hang on a rigid observance of nautical rules. They are a general guide, not an inflexible law. No vessel is permitted unnecessarily to incur the hazard of a collision by pertinaciously adhering to a strict rule of navigation.

An action for damages, cannot in my opinion be maintained under the facts in proof; but the respondent is not entitled to costs. His conduct was imprudent and wrong in leaving the slip under the circumstances, and trusting to a slender chance of avoiding the schooner. All the damages, for that reason, could be imposed on him, but for the unreasonable refusal of the libellant to give way and thus secure himself from injury. As it is, costs are denied him. Decree accordingly.